ORDER
GRITT, JUDGE:
An application of the claimant, Robert M. Hardy, Jr., for an award under the West Virginia Crime Victims Compensation Act, was filed August 30, 2000. The report of the Claim Investigator, filed March 30, 2001, recommended that no award be granted, to which the claimant timely responded. An Order was issued on April 27, 2001, upholding the Investigator's recommendation, in response to which the claimant's request for hearing was filed May 11,2001. This matter came on for hearing October 19, 2001, the claimant appearing in person, and the State of West Virginia by counsel, Joy M. Bolling, Assistant Attorney General.
The 55-year-old claimant was the victim of a beating on November 24, 1999, in Charleston, Kanawha County, West Virginia. He had gone to a bar owned by the offender, Mike Shepherd, to discuss a business debt owed by Mr. Shepherd. The claimant testified that when he touched the offender on the cheek and said, ‘Til see you in court” (Transcript, page 8.), the offender attacked him. The claimant was struck in the back, knocked to the floor, and kicked in the face. As a result, he lost his right eye. (Transcript, page 8.)
This Court's initial decision was that no award be made because of the claimant's contributory misconduct. However, based upon his testimony at the hearing, the Court finds that the claimant was in fact an innocent victim of crime.
When questioned about his work loss, the claimant stated that he was a contract employee for the Charleston Economic Community Development Corporation, as executive director, and that his salary “is based on if funds are available within the agency.” (Transcript, page 16.) The claimant stated that “I missed a few paychecks, yeah.” (Transcript, page 19.) When asked how many days he was incapacitated due to the injury, the claimant replied, “Probably ten.” (Transcript, page 21.)
*432 The claimant further revealed that his medical bills were covered by his wife’s insurance under Charleston Housing, which pays 80 percent. (Transcript, page 21.) A civil suit was filed, but the claimant testified that the insurance company settled for $225,000.00. (Transcript, page 22.)
Following the hearing of this matter, the Court received a letter from the claimant on October 19, 2001, in which he explained the distribution of the $225,000.00 settlement. Payment of attorney fees and reimbursement to Trustmark Insurance totaled $92,500.00, leaving a balance of $132,500.00 to the claimant. These funds were spent on various items, including: a certificate of deposit, investment securities, a church donation, vacation costs, a dump truck, home repairs, medical bills, credit card debt, and gifts to family members and others.
The Court received another letter from the claimant on February 19, 2002, asserting outstanding debts of $22,114.41 for which he seeks reimbursement:
- $17,468.59 (Trustmark Insurance’s lien on the settlement proceeds)
- $ 3,404.91 (owed to Retina Consultants; turned over for collection)
- $1,240.91 (owed to Don’s Disposal Service, a business expense)
The Court will first consider the loss of the claimant’s right eye. Clearly, this is a catastrophic injury for which compensation ought to be made. However, awards for such injuries were not compensable for crimes occurring prior to July 1, 2001. W.Va. Code §14-2A-14(g). During the claimant’s period of incapacitation, the Court will consider his lost income. Based on the Claim Investigator’s memorandum of April 1, 2002, this lost income for two pay periods totals $1,280.00.
As for the outstanding debts of $22,114.41, the Court must subtract the business debt of $1,240.91 which is not an allowable expense, and finds that the remaining $20,873.50 is not in excess of the portion of the settlement proceeds received by the claimant. Therefore, said debts must be borne by the claimant.
Based on the foregoing, the Court hereby grants an award of $1,280.00 as set forth in the Claim Investigator’s memorandum.